CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 18 2015
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KRISTIE ST. CLAIR REED, ) | |
| ) | Civil Action No. 7:13-CV-00543 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DEPARTMENT OF CORRECTIONS / ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

This case is presently before the court on the motion for attorneys' fees and expenses filed by Plaintiff Kristie St. Clair Reed. For the following reasons, that motion will be granted in part.

## Background

The facts of this case are outlined in detail in the court's memorandum opinion granting in part and denying in part VDOC's motion for summary judgment. See Docket No. 35. Thus, only a brief summary follows here.

Reed worked as a senior correctional officer at Bland Correctional Center ("BCC") in Bland, Virginia from 2007 until she was terminated in 2012. Reed asserted that she was sexually harassed by her co-worker, Sergeant James Mitchell, from 2009 to 2012. Reed reported the harassment to BCC officials on April 8, 2012, after she was reprimanded for failing to remain "on post" while working as a dorm officer in one of BCC's dormitories. On May 18, 2012, Reed was terminated from her position, purportedly based on her disciplinary record. Reed brought this action against VDOC on November 15, 2013, alleging that her sexual harassment and subsequent termination violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Specifically, Reed asserted claims of hostile work environment, quid pro quo discrimination, sex discrimination, and retaliation. On September 16, 2014, the court granted summary judgment

to VDOC on Reed's claims of quid pro quo and hostile work environment sexual harassment. See Docket No. 35.

On September 22-23, 2014, a bifurcated jury trial was conducted on Reed's remaining claims of gender discrimination and retaliation. The jury returned a verdict in Reed's favor on her retaliation claim only. Reed and VDOC agreed to forego the damages phase of the trial. Instead, the parties stipulated to the applicable amount of compensatory damages and submitted the issues of back pay and attorney's fees to the court for decision. See Docket Nos. 41, 48. The court entered final judgment in Reed's favor in the amount of $76,740.28 on November 13, 2014. See Docket No. 62. Thereafter, VDOC filed a renewed motion for judgment as a matter of law, which the court denied on May 15, 2015. See Docket No. 74.

Reed filed the present motion for attorneys' fees and costs on October 29, 2015. See Docket No. 58. The motion has been fully briefed and was argued on February 20, 2015. It is now ripe for review.

## Discussion

A prevailing party in a Title VII action "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1976); see 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter[,] the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee...as part of the costs..."). In Hensley, the Supreme Court stated that "[t]he most useful starting point for determining the amount of a reasonable attorney fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. The Fourth Circuit has adopted twelve factors that courts should consider when determining this "lodestar" amount. See Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting factors set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). These factors

include: (1) the time and labor expended; (2) the novelty and difficulty of the questioned raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesireability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney's fees in similar cases. See Johnson, 488 F.2d at 717-19. A party seeking attorneys' fees must set forth complete and accurate time records to enable the court to make an appropriate calculation and award. See Daly v. Hill, 790 F.2d 1071, 1079 (4th Cir. 1986).

Reed seeks a total award of $114,263.43, comprised of $108,870.00 in attorneys' fees and $5,393.43 in costs. See Docket No. 58. VDOC does not oppose an award of attorneys' fees and costs in this action. See Docket No. 61. VDOC contends, however, that the court should award Reed a lesser amount than she requests, because Reed's attorneys should be compensated at a lower hourly rate and should be compensated only for time expended on Reed's successful retaliation claim. The court will consider each argument in turn.

Reed asks that her attorneys be compensated at an hourly rate of $300. By contrast, VDOC argues that they should receive no more than $240 per hour. A party seeking a fee award must prove that the hourly rate requested is reasonable. See McAfee v. Boczar, 738 F.3d 81, 91 (4th Cir. 2013). When determining a reasonable rate, the court should consider the prevailing market rate in the relevant community, as well as the background and experience of the individual lawyers involved. See Missouri v. Jenkins, 491 U.S. 274, 285-86 (1989); Johnson, 488 F.2d at 719. The prevailing market rate can be established through evidence of the attorneys' billing practices, comparison to

3

fee awards in similar cases, and affidavits reciting fees of counsel from the relevant community with similar qualifications. See Spell v. McDaniel, 824 F.2d 1380, 1402 (4th Cir. 1987).

Reed's attorneys, Mr. Tommy Strelka and Ms. Leigh Strelka, have submitted affidavits outlining their educational backgrounds and professional experience. See Docket Nos. 58-1, 58-2. According to his affidavit, Mr. Strelka was admitted to practice law in Virginia in 2007. He worked for one year as a law clerk to United States District Judge James C. Turk and one year as a law clerk for Justice Lawrence L. Koontz of the Supreme Court of Virginia. Mr. Strelka began his practice focused on plaintiffs' employment law in 2009. According to her affidavit, Ms. Strelka was admitted to practice law in Virginia in 2006. She also worked as a law clerk for Judge Turk for one year. She then began her practice in labor and employment law in 2007 with the Roanoke firm of Gentry, Locke, Rakes & Moore, primarily representing corporate defendants. In 2011, Ms. Strelka left the law firm and began working with Mr. Strelka on plaintiffs' employment cases.

In their affidavits, the Strelkas state that they are familiar with the market in Virginia for litigation arising under federal employment statutes like Title VII. Both aver that $300 per hour "falls within the range of prevailing market rates charged and collected by Virginia attorneys of similar educational background and experience for work in litigation arising under federal employment statutes or in similarly complex matters." Reed has also provided affidavits from attorneys Paul Beers and Arthur Strickland. See Docket Nos. 63-1, 63-2. These affidavits state that an hourly rate of $300 is reasonable and consistent with rates charged by employment lawyers in the Western District of Virginia who have qualifications and experience similar to the Strelkas.

In response, VDOC has provided the court with five affidavits filed by attorneys in other cases in this court. See Docket No. 61. At least one of these affidavits includes a fee request for legal services performed over ten years ago. These affidavits show that attorneys with background and experience similar to the Strelkas have sought to be compensated at hourly rates ranging from

$150 to $285, and that attorneys with more experience have sought to be compensated at hourly rates ranging from $200 to $425. In almost all of these cases, the court used the requested hourly rate to calculate the fee awarded. In one exception, the court reduced a senior attorney's hourly rate from $425 per hour to $375 per hour. Considering the record as a whole, the court finds that Reed has satisfactorily established that the rate of $300 per hour is reasonable, based on the prevailing market rate in the Western District of Virginia for attorneys with similar experience handling similar cases. The court will thus apply that rate when calculating the fee award in this case. See also Atkins v. Virginia Dept. of Transp., No. 1:13-CV-00057, 2015 WL 858870 (W.D. Va. Feb. 27, 2015) (awarding the Strelkas an hourly rate of $300 in a similar matter).

The court next addresses whether Reed is entitled to compensation for all hours incurred in preparation of her case. Reed seeks to be compensated for 287.6 hours billed by Mr. Strelka and 75.3 hours billed by Ms. Strelka, for a total of 362.9 hours spent on this case. See Docket Nos. 58-1, 58-2. VDOC contends that Reed should only be compensated for time spent on her successful retaliation claim. See Hensley, 461 U.S. at 435 ("[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved...[so] no fee may be awarded for services on the unsuccessful claim."). VDOC thus asks the court to reduce Reed's total award. See Docket No. 61 at 9. Reed, on the other hand, asserts that the court should not reduce her award, because each of her claims arose from the same "common core of facts," Hensley, 461 U.S. at 435, such that her successful claim was "inextricably intertwined" with her unsuccessful claims. See Docket No. 63 at 6.

The Hensley Court recognized that it can be challenging to account for hours "on a claim-by-claim basis" where "plaintiff's claims for relief involve a common core of facts or... [are] based on related legal theories." 461 U.S. at 435. In such circumstances, the critical consideration is "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably

expended on the litigation." Id. at 435-36. When a plaintiff's results have been "excellent," the award should account for "all hours reasonably expended on the litigation," even if some claims prove unsuccessful. Id. at 436. On the other hand, when a plaintiff "has achieved only partial or limited success," the court should reduce the award to prevent the plaintiff from obtaining "an excessive amount" in light of her low measure of success. Id. This is true "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id.

The court agrees that Reed's successful retaliation claim was largely borne of the same set of facts as her unsuccessful sexual harassment and gender discrimination claims. The court does not believe, however, that those claims are so "inextricably intertwined" as to require the court to award Reed the full amount she seeks in spite of her limited success in this case. Reed spent considerable time investigating and presenting evidence of the sexual harassment she experienced while employed by VDOC, at the summary judgment stage and again at trial. Much of that evidence, however, became irrelevant after the court dismissed her sexual harassment claims. Evidence concerning whether or not Reed was actually harassed had no bearing on the jury's favorable decision on her retaliation claim. See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). The court thus believes that some reduction in Reed's requested award is warranted.

VDOC suggests that the court subtract 133 hours from the total hours for which Reed seeks compensation, representing "roughly half" of the hours expended in preparation of the case through the summary judgment stage, where the court dismissed Reed's two sexual harassment claims.[1] The court accepts VDOC's analysis on this issue, see Docket 61 at 8-9, and will reduce the total award accordingly. Reed also seeks compensation for costs and expenses totaling $5,393.43. See Docket No. 58-1. VDCO does not challenge this amount, and the court finds it reasonable.

## Conclusion

For the reasons stated, Reed's motion for attorneys' fees and costs will be granted in part. Reed will be awarded $68,970.00 in attorneys' fees and $5,393.43 in costs and expenses, for a total award of $74,363.43. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 18th day of May, 2015.

                                                          /s/ Glen Conrad
Chief United States District Judge

---

[1] VDOC also argues that the court should subtract three hours from the time Reed's attorney spent preparing the memorandum of law supporting her motion seeking back pay and front pay, because, in VDOC's view, counsel "missed" certain case law with respect to these issues. See Docket 61 at 5, 9. The court disagrees with this assessment and declines to reduce the award on this basis.